285 So.2d 876 (1973)
Elton J. DUGAS
v.
Earlo M. ROGERS et al.
No. 9552.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
*877 Larry P. Boudreaux, Thibodaux, and John J. Hainkel, Jr., New Orleans, for appellant.
Harry R. Cabral, Jr., Metairie, for plaintiff-appellee Dugas.
Henry D. McNamara, Jr., Metairie, for defendants-appellees American Mut. Liability Ins. Co. and Earlo Rogers.
Before LOTTINGER, BLANCHE and CRAIN, JJ.
LOTTINGER, Judge.
This is a suit filed by Elton J. Dugas for personal injuries. The suit is against Earlo M. Rogers, American Mutual Liberty Insurance Company, and Allstate Insurance Company. Allstate Insurance Company answered the petition of plaintiff denying the coverage on a 1966 Chevrolet involved in the accident and further denied that its insured, Jessie Rogers, was the owner of a 1966 Chevrolet on the date of the accident. It further answered that the vehicle involved was owned by James T. Rogers and was insured by American Mutual on the date of the accident. American Mutual answered denying coverage and further pleaded that the negligence of the plaintiff barred his recovery.
Liability was stipulated by the defendants. The sole issues to be resolved by this Court are coverage and quantum. The Lower Court rendered judgment finding that the petitioner was entitled to recover the sum of $7,245.00 for personal injuries and that the primary coverage was with Allstate Insurance up to $5,000.00 and that American Mutual provided excess coverage for the balance of the judgment. The judgment was subsequently amended to reflect that Allstate provided primary coverage up to $10,000.00. Allstate has taken a suspensive appeal.
Jessie Rogers lived in Independence, Louisiana. He had four brothers, namely, James, Earlo, Raymond, and Ronald. James received fatal injuries in an accident during the year 1968 and, therefore, was unavailable to testify to trial of this case.
During the year 1966 James lived with his parents at Tickfaw, four to five miles from Independence. The only vehicle that Jessie owned and maintained at his house at Independence was a 1964 Volkswagon. When his brother James returned from the service, he was interested in purchasing a new car, but had no credit. He, therefore, discussed this matter with Jessie and Jessie acquired title in his name as what Jessie claims was a convenience to his brother. Jessie testified that he had no control whatsoever as to the use of the automobile by his brother, James, and that at the time of the accident he had no knowledge of what the automobile was used for. The automobile, at the time of the accident, was actually being operated by Earlo, who also lived with his parents at Tickfaw.
Jessie Rogers testified that he had discussions with his brother, James, relative to him securing insurance on the vehicle for the protection of Earlo and his father. James applied with American Mutual Liability Insurance Company and a policy of insurance was issued on the automobile. Therefore, at the time of the accident the automobile was insured by American Mutual Liability Insurance Company under the name James Rogers and Allstate Insurance Company under the name Jessie Rogers.
In its reasons for judgment, the Lower Court said:
"Allstate has denied coverage to Earlo asserting that Jesse was not the owner of a Malibu and he therefore had no insurable interest in the vehicle driven by Earlo.
Prima facie proof that Jesse Rogers owned the vehicle in question was introduced along with the title certificate (Exhibit A.M.4), the application for title certificate (Exhibit A.M.-2), and the testimony of Jesse Rogers himself to the *878 effect that the title of the vehicle was registered in his name.
In an effort to prove that actual ownership of the vehicle was contrary to that indicated on the motor vehicle records, Allstate relies exclusively upon the testimony of Jesse Rogers. A review of his testimony and prior statements reveal serious discrepancies and the Court is of the opinion that this testimony alone cannot change the record ownership.
Further under the particular facts of this case, the vehicle in question was driven by Jesse's younger brother, Earlo. At the time of the accident, Earlo was 19 years of age. Jesse certainly had an interest in protecting his parents from the vicarious liability imposed upon them for the action of their minor son. Jessee had a personal interest in seeing that he satisfied the financial responsibility laws of the State of Louisiana with reference to the vehicle titled in his name. And he certainly had a further personal interest in the protection of his parents from vicarious liability arising out of the use of the vehicle because by so doing he protected an estate to which he was forced heir.
The Court therefore holds that Allstate has failed to bear the burden of proving that the registered title holder of the vehicle was not in fact the owner and has failed to demonstrate any lack of insurable interest in this instance."
We feel that the decision of the Lower Court is correct in holding that Jessie was actually the legal owner of the automobile in question. He deliberately placed this vehicle in his name when he purchased it. We are unable to understand his reasoning that he placed it in his name because his brother had no credit, because he certainly could have placed it in his brother's name and endorsed the note. Be that as it may, he took insurance with Allstate for the protection of his family. Although the defendant contends that there was no insurable interest in Jessie, we feel otherwise.
As a result of the accident, the petitioner sustained injuries to his neck; compression fracture of t-1 and t-9; a cardiac injury; a straining injury to the back; and injuries to his teeth, all of which injuries required extensive physiotherapy and treatment together with reconstruction of certain teeth causing the petitioner extensive pain in the past and possible pain in the future. As we have stated above, the Lower Court awarded petitioner the sum of $7,245.00 for said injuries. We do not feel that the Lower Court abused it's discretion in making such award.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendant.
Affirmed.